Christopher J. Workman (CA SBN: 156400)
Aaron M. Sibley (CA SBN: 299748)
**LAW OFFICE OF CHRISTOPHER WORKMAN**,
A Professional Corporation
110 Juniper Street
San Diego, CA 92101
Telephone: (619) 501-0808
Facsimile: (619) 501-2828
cworkman@thelocw.com
asibley@thelocw.com

Attorneys for Nathan and Jeniffer Eisenbise

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHAN EISENBISE and JENIFFER EISENBISE,**<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**CROWN EQUIPMENT CORPORATION and CROWN LIFT TRUCKS,**<br><br>　　　　　Defendants. | Case No.: 15-CV-0972-AJB (WVG)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Judge:　　Hon. Anthony J. Battaglia<br>Courtroom:　3B<br><br>Mag. Judge: Hon. William V. Gallo<br>Courtroom:　2A<br><br>Demand for Jury Trial |

　　　Plaintiffs hereby demand a trial by jury and allege:

## THE PARTIES

　　　1.　　At all times relevant, plaintiff Nathan Eisenbise is, and at all relevant times was, an individual residing in San Diego County, in the State of California, and the lawful husband of Jeniffer Eisenbise.

2. At all times relevant, plaintiff Jeniffer Eisenbise is, and at all relevant times was, an individual residing in San Diego County, in the State of California, and the lawful wife of plaintiff Nathan Eisenbise.

3. Defendant, Crown Equipment Corporation is, and at all relevant times was, a corporation incorporated and with its principal place of business in Ohio, doing business in California under the fictitious name Crown Lift Trucks (collectively "Defendant").

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over all parties to this action, because they conduct substantial business in this District, and some of the actions giving rise to this Complaint took place in this District, and Defendants have voluntarily appeared before this Court.

6. Venue is proper in this action under the 28 U.S.C. § 1391(b)(2) because the incident and some of the acts giving rise to liability occurred in this district.

///

///

///

# GENERAL FACTS

7. Defendant designs, manufactures, assembles, tests, markets, distributes, sells and maintains forklifts for use in occupied and narrow-isle warehouse environments where workers are working and customers are shopping.

8. Defendant designed, manufactured, assembled, marketed, distributed, sold and maintained the Crown Model Number RC 55-35-30 standup forklift, Serial Number 1A353301 (the "Lift") used by Costco in its warehouse store in La Mesa, California.

9. The Lift is a compact, battery-powered vehicle that weighs approximately 8,000 pounds and travels at a speed of approximately 3 miles per hour. Fully loaded, the Lift can weigh up to 10,000-12,000 pounds which is three to four times heavier than a car. These remarkably heavy forklifts operate in areas in and around pedestrians.

10. The body of the Lift is comprised of a steel skirt that extends to approximately 4 inches above the ground on both sides and around the rear of the Lift. The Lift has three wheels. Two are located next to the forks on the front or fork-end of the Lift. The third wheel is located at the rear of the Lift and is comprised of a dual tire structure. The rear wheel is used to steer the Lift. The rear wheel sits under the body behind the skirt. However, the skirt has a large opening which exposes the rear wheel.

11. The Lift operator stands sideways in a compartment at the rear of the Lift. The Lift operator looks over her or his right shoulder to look toward the front of the Lift and over her or his left shoulder to look to the rear the Lift. The Lift was designed to be driven with the load/forks leading or with the load/forks trailing. When the Lift is driven with the load/forks trailing, the exposed wheel is at the leading edge of the Lift.

12. The direction (forward and backward) and speed of the Lift are controlled by a joystick. The joystick can also be used to slow or stop the Lift through a process called "plugging." To stop the Lift by "plugging," the Lift operator moves the directional/speed control through neutral to the direction opposite the current direction of travel. The farther the control is moved, the quicker the Lift is supposed to slow down. The Lift will then move in the opposite direction if the joystick is not moved to neutral when the Lift has come to a stop.

13. On February 14, 2013, plaintiff Nathan Eisenbise was working for a Costco in La Mesa California. He was standing next to a stack of pallets while counting them. As he looked up and to his left, he rotated his right leg and foot in preparation to pivot and turn to his right to move to the next stack he intended to count.

14. As plaintiff Nathan Eisenbise was counting the pallets, a coworker was delivering a pallet of televisions to a Federal Express truck. The coworker had

**FIRST AMENDED COMPLAINT FOR DAMAGES**

placed the pallet on the truck and was backing away when he was momentarily distracted by the driver of the Federal Express truck. During this momentary distraction, he backed the Lift into the right side of plaintiff Nathan Eisenbise.

15. Plaintiff Nathan Eisenbise did not sense the approach of the Lift from his right side until the slow moving Lift made contact with him. His instinctive reaction and ability to pull his leg away from the slow moving Lift proved fruitless because his foot was instantly pinned to the ground by the exposed and unprotected rear wheel(s) of the Lift. When the Lift operator saw plaintiff Nathan Eisenbise, he "plugged" the Lift to stop and reverse direction.

16. The exposed and unprotected wheel pinned, crushed and severed most of plaintiff Nathan Eisenbise's right foot. He wrenched to the ground and also injured his back.

17. Plaintiff Nathan Eisenbise was taken to the hospital where he remained for several weeks. He underwent several surgeries to repair and save his right foot. Although the foot remained, it was not functional and it was prone to infection. Ultimately, he underwent a below knee amputation of his lower right leg. He continues to undergo follow-up medical care and therapy for his injuries.

///

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

15CV0972

# FIRST CLAIM FOR RELIEF

(Products Liability - Design Defect)

(By Nathan Eisenbise against All Defendants)

18. Plaintiff Nathan Eisenbise adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

19. At all times relevant, plaintiff Nathan Eisenbise was a bystander-pedestrian to the use of the Lift which was being used or misused in a reasonably foreseeable way and for its intended purpose.

20. At all times relevant, Defendant knew or should have known of the high risk of pedestrian contact with forklifts in the work place and also knew or should have known of the crush risk posed by the weight of the Lift and the potential risks posed by this crush weight to human beings whose body parts get caught between the Lift and solid objects, including but not limited to the rear wheel and the ground.

21. During the incident, the Lift's unprotected, exposed rear wheel was the first part of the Lift to make contact with plaintiff Nathan Eisenbise and instantly pinned his toes and foot to the ground preventing him from pulling his foot and body away from the slow-moving Lift as his coworker "plugged" the Lift to a stop and reversal in direction. But for the pinning of his foot by the unprotected and exposed wheel, plaintiff Nathan Eisenbise would have been able

to push off and/or pull away from the slow moving Lift avoiding all of the injuries he sustained in the incident.

22. The Lift's design was defective because it did not provide the degree of protection and safety an ordinary consumer would expect to protect a pedestrian from the pinning and crushing rear wheel of the Lift when foreseeable contact and accidents with pedestrians occur in the real world environment of the Lift's expected use in warehouse areas with limited traffic controls and high pedestrian, including customer, traffic.

23. The Lift's design, including but not limited to the opening in the rear skirt exposing the pinning, crushing and dangerous rear wheel, caused harm to plaintiff Nathan Eisenbise including but not limited to the severe injury to his right foot resulting in the amputation of his right leg below his knee. Had the wheel not been exposed or unprotected, the injuries suffered by plaintiff Nathan Eisenbise would not have occurred. The risks of this design outweighed any benefits thereof.

24. Plaintiff Nathan Eisenbise is informed and believes and thereon alleges that the Lift was defective in design when it left the control of Defendant.

25. As a direct, legal and proximate result of the design defects alleged herein, plaintiff Nathan Eisenbise sustained serious and permanent injury to his body, health, strength, and activity, including but not limited to partially severed body parts, degloving of his right foot, amputation of his right foot, back injuries,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

multiple contusions and abrasions, removal of skin from his body for graft surgeries, infections, and severe shock to his nervous system.

26. As a further direct, legal, and proximate result of the design defects alleged herein, and the injuries sustained by plaintiff Nathan Eisenbise as herein alleged, plaintiff Nathan Eisenbise was required and did employ physicians, surgeons, and other medical personnel and incurred expenses therefore, and incurred additional medical expenses for hospital bills and other incidental medical expenses, all to his further damage in an amount in excess of $250,000 or be proven at time of trial.

27. As a further direct, legal, and proximate result of the design defects alleged herein, and the injuries sustained by plaintiff Nathan Eisenbise as herein alleged, plaintiff Nathan Eisenbise will be required to employ physicians, surgeons, and other medical personnel in the future and will incur expenses therefore including additional medical expenses for hospital bills, prosthetic devices, therapy, home modifications, vehicle modifications, and other incidental medical expenses all to his further damage in an amount in excess of $1.2 million in present value to be proven at time of trial.

28. As a further direct, legal, and proximate result of the design defects alleged herein, plaintiff Nathan Eisenbise was prevented from attending his usual occupation as a manager at Costco and thereby lost earnings, benefits and other

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  income all to his further damage and in a sum of not less than $150,000, to be
2  proven at time of trial.
3      29.  Plaintiff Nathan Eisenbise is informed and believes, and thereon
4  alleges, that as a further direct, legal, and proximate result of the design defects
5  alleged herein, he will be prevented from attending his usual occupation at times in
6  the future and will thereby sustain future loss of earnings all to his further damage
7  in an amount in excess of $500,000 to be proven at time of trial.
8      30.  As a further direct, legal and proximate result of the design defects
9  alleged herein, plaintiff Nathan Eisenbise has experienced, among other past
10 general damages, excruciating pain, extreme suffering, emotional distress,
11 disfigurement, scaring, embarrassment, frustration, anxiety, and other injuries all to
12 his general damage in an amount not less than $3 million to be proven at time of
13 trial.
14     31.  As a further direct, legal and proximate result of the design defects
15 alleged herein, plaintiff Nathan Eisenbise will experience future general damages,
16 including but not limited to pain, suffering, emotional distress, ongoing
17 disfigurement and scaring, embarrassment, frustration, anxiety, and other injuries
18 all to his future general damage in an amount not less than $3 million to be proven
19 at time of trial.

## SECOND CLAIM FOR RELIEF

(Products Liability – Negligence)

(By Nathan Eisenbise against All Defendants)

32. Plaintiff Nathan Eisenbise adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

33. At all times relevant, Defendant knew or should have known of the high risk of pedestrian contact with forklifts in the work place and also knew or should have known of the crush risk posed by the weight of the Lift and the potential risks posed by this crush weight to human beings whose body parts get caught between the Lift and solid objects, including but not limited to the rear wheel and the ground.

34. At all times relevant herein, Defendant failed to use reasonable care in the design of the subject Lift and breached its duty of care owed to plaintiff Nathan Eisenbise by, among other things:

    a.    failing to undertake adequate safety analyses, procedures and policies in the design of the Lift;

    b.    failing to design the skirt in a manner that covered the wheel eliminating the danger posed by the exposed rear wheel of the Lift;

/ / /

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**

15CV0972

1    c.   failing to install a guard, gate, bumper, or other protective device preventing pedestrian body parts from accessing the exposed rear wheel of the Lift;

   d.   such other and further particulars as the evidence may show.

35. As a direct, legal and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, plaintiff Nathan Eisenbise sustained serious and permanent injury to his body, health, strength, and activity, including but not limited to partially severed body parts, degloving of his right foot, amputation of his right foot, back injuries, multiple contusions and abrasions, removal of skin from his body for graft surgeries, infections, and severe shock to his nervous system.

36. As a further direct, legal, and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, and the injuries sustained by plaintiff Nathan Eisenbise as herein alleged, plaintiff Nathan Eisenbise was required and did employ physicians, surgeons, and other medical personnel and incurred expenses therefore, and incurred additional medical expenses for hospital bills and other incidental medical expenses, all to his further damage in an amount in excess of $250,000 or to be proven at time of trial.

37. As a further direct, legal, and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, and the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

injuries sustained by plaintiff Nathan Eisenbise, plaintiff Nathan Eisenbise will be required to employ physicians, surgeons, and other medical personnel in the future and will incur expenses therefore, including additional medical expenses for hospital bills, prosthetic devices, therapy, home modifications, vehicle modifications, and other incidental medical expenses all to his further damage in an amount in excess of $1 million in present value to be proven at time of trial.

38. As a further direct, legal, and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, plaintiff Nathan Eisenbise was prevented from attending his usual occupation as a manager at Costco and thereby lost earnings, benefits and other income all to his further damage and in a sum of not less than $150,000 or to be proven at time of trial.

39. Plaintiff Nathan Eisenbise is informed and believes, and thereon alleges, that as a further direct, legal, and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, plaintiff Nathan Eisenbise will be prevented from attending his usual occupation at times in the future and will thereby sustain future loss of earnings all to his further damage in an amount in excess of $50,000 to be proven at time of trial.

40. As a further direct, legal and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, plaintiff Nathan Eisenbise has experienced, among other past general damages, excruciating

- 12 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

15CV0972

pain, extreme suffering, emotional distress, disfigurement, scaring, embarrassment, frustration, anxiety, and other injuries all to his general damage in an amount not less than $5 million to be proven at time of trial.

41. As a further direct, legal and proximate result of Defendant's breach of the duty of care owed to plaintiff Nathan Eisenbise alleged herein, plaintiff Nathan Eisenbise will experience future general damages, including but not limited to pain, suffering, emotional distress, ongoing disfigurement and scaring, embarrassment, frustration, anxiety, and other injuries all to his future general damage in an amount not less than $3 million to be proven at time of trial.

### THIRD CLAIM FOR RELIEF

(Loss of Consortium)

(By Jeniffer Eisenbise against all Defendants)

42. As alleged in paragraphs 1 through 41 above, and incorporated herein by reference, Defendant is liable in tort for the injuries to plaintiff Nathan Eisenbise.

43. At all times relevant, plaintiffs Jeniffer Eisenbise and Nathan Eisenbise were husband and wife.

44. Prior to the injuries alleged herein, plaintiff Nathan Eisenbise was able to and did perform his duties as a spouse, including the performance of household duties such as maintenance and management of the family home as well

**FIRST AMENDED COMPLAINT FOR DAMAGES**

as the provision of conjugal fellowship, love, affection, companionship, comfort and sexual relations.

45. Subsequent to, and as a proximate result of the injuries alleged in this action, plaintiff Nathan Eisenbise was no longer able to perform his duties as a spouse, including the performance of household duties such as maintenance and management of the family home as well as the provision of conjugal fellowship, love, affection, companionship, comfort and sexual relations.

46. Plaintiff Nathan Eisenbise has and will continue to be unable to perform his duties as a spouse in the future when his physical and mental injuries limit his ability to do so, all to plaintiff Jennifer Eisenbise's damage in an amount to be proven at time of trial.

## **PRAYER**

WHEREFORE, plaintiffs Nathan Eisenbise demands a jury trial and prays for judgment against defendants, and each of them, for:

1. Special damages in an amount of no less than $2 million or according to proof at time of trial;

2. General damages in an amount of no less than $6 million or an amount according to proof at time of trial;

3. Interest at the legal rate from the date of accrual of each item of special damages;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

4. Costs of Suit; and

5. Any further relief the court deems just and proper.

WHEREFORE, plaintiff Jeniffer Eisenbise demands a jury trial and prays for judgment against Defendants, and each of them, for:

1. Special damages according to proof at time of trial;

2. General damages in an amount according to proof at time of trial;

3. Costs of Suit; and

4. Any further relief the court deems just and proper.

Dated: October 23, 2015

                                         s/ Christopher J. Workman
**Attorneys for Plaintiffs Nathan and Jeniffer Eisenbise**
Email: cworkman@thelocw.com